STATE OF WASHINGTON
KING COUNTY SUPERIOR COURT

| | |
|---|---|
| Porfirio Conde Cheesman | ) Case No.: 20-2-14704-4 SEA |
| Plaintiff, | ) |
| Vs. | ) Civil Complaint |
| Swissport USA, Inc., Joseph Abraham, Nathan Borja, Kimberly (H.R. Hiring Manager) Defendant. | ) |

To the King County Superior Court State of Washington, Western District Clerk Office, Swissport USA, INC.,

**1.** Defendants Swissport USA Inc. Et. Al. tolerated the assaults and attempted premediated murder toward the plaintiff while working as one of the Swissport USA Inc. employee in Sea Tac International Airport in Washington State, that until now are physically hurting the plaintiff because the Swissport USA Inc upon knowing the Assault and Attempted Murder by Strangulations', Joseph Abraham used his big long arms to wrap around to the neck of the plaintiff choke

1

hold the plaintiff neck and head and wiggle the plaintiff around while strangulating the plaintiff with Joseph Abraham bare arms and upon being interrupted to choke kill the plaintiff and while not being satisfied of Joseph Abraham being interrupted, Joseph Abraham took a Swissport USA Inc. heavy tug machinery to run over the plaintiff and ultimately tried to kill the plaintiff but the plaintiff was able to run away and go to the human resources to report of the assaults but rather was fired for reporting a work place violence.

**RCW 9A.36.021 Assault in the second degree.**

(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:
 (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or
 (b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by intentionally and unlawfully inflicting any injury upon the mother of such child; or
 (c) Assaults another with a deadly weapon; or
 (d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison or any other destructive or noxious substance; or
 (e) With intent to commit a felony, assaults another; or
 (f) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture; or
 (g) Assaults another by strangulation or suffocation.
(2)(a) Except as provided in (b) of this subsection, assault in the second degree is a class B felony.
 (b) Assault in the second degree with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135 is a class A felony.

**RCW 9A.28.020 Criminal attempt.**

(1) A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime.

(2) If the conduct in which a person engages otherwise constitutes an attempt to commit a crime, it is no defense to a prosecution of such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission.

(3) An attempt to commit a crime is a:

(a) Class A felony when the crime attempted is murder in the first degree, murder in the second degree, arson in the first degree, child molestation in the first degree, indecent liberties by forcible compulsion, rape in the first degree, rape in the second degree, rape of a child in the first degree, or rape of a child in the second degree;

(b) Class B felony when the crime attempted is a class A felony other than an offense listed in (a) of this subsection;

(c) Class C felony when the crime attempted is a class B felony;

(d) Gross misdemeanor when the crime attempted is a class C felony;

(e) Misdemeanor when the crime attempted is a gross misdemeanor or misdemeanor.

2. Swissport USA Inc. Knew Joseph Abraham has rage attitude over black American and other nationality who complaint against Joseph and even when the plaintiff complained of an assault and attempted premediated murder because of Joseph Abraham rage attitude the Swissport USA Inc. recklessly continues to employed the present of Joseph Abraham to conspired to assault other nationality who complaint including the plaintiff who is a American Asian.

**RCW 9A.36.050 Reckless endangerment.**

(1) A person is guilty of reckless endangerment when he or she recklessly engages in conduct not amounting to drive-by shooting but that creates a substantial risk of death or serious physical injury to another person.

(2) Reckless endangerment is a gross misdemeanor.

3. Swissport USA Inc. supervisor and human resources upon knowing the assault and attempted murder while the plaintiff is working refused to summon assistance because the Human resources said " police could not do anything" and the Supervisor refused to summons a medical help for the plaintiff rather told to the plaintiff " get out from here".

**RCW 9A.36.160 Failing to summon assistance.**

　　A person is guilty of the crime of failing to summon assistance if:
　　(1) He or she was present when a crime was committed against another person; and
　　(2) He or she knows that the other person has suffered substantial bodily harm as a result of the crime committed against the other person and that the other person is in need of assistance; and
　　(3) He or she could reasonably summon assistance for the person in need without danger to himself or herself and without interference with an important duty owed to a third party; and
　　(4) He or she fails to summon assistance for the person in need; and
　　(5) Another person is not summoning or has not summoned assistance for the person in need of such assistance.

**RCW 9A.36.161 Failing to summon assistance—Penalty.**

　　A violation of RCW 9A.36.160 is a misdemeanor.

4. The Swissport USA Inc. until now are continually retaining the employment of a dangerous person name Joseph Abraham are violating the RCW 49.17.060 on compliance to furnish to each of his or her employees a place of employment free from recognized hazards like workplace violence.

**RCW 49.17.060. Employer—General safety standard—Compliance.**

Each employer:
(1) Shall furnish to each of his or her employees a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to his or her employees:

5. Plaintiff was fired after making a report of workplace violence against a middle age coworker older person Joseph Abraham who also has a seniority to work to Swissport USA. Inc and so it is ok for the Swissport USA Inc to tolerated the assault rage attempted killing attitude of Joseph Abraham inside a workplace environment despite of many complaint of other nationality against Joseph Abraham including the plaintiff complaints.

**RCW 49.17.160. Discrimination against employee filing complaint,**

(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or herself or others of any right afforded by this chapter.

6. Swissport retaliate by firing the plaintiff upon making a complaint to H.R.

**RCW 49.76.120. Retaliation against employee.**

(2) Filed or communicated to the employer an intent to file a complaint under RCW **49.76.070** or **49.76.100**; or
(3) Participated or assisted, as a witness or otherwise, in another employee's attempt to exercise rights under
RCW **49.76.030**, **49.76.115**, **49.76.070**, or **49.76.100**.

7. Plaintiff was fired over a abusive Samoan employee who black American's and other Asian American's including the plaintiff are dis favor because of race and color and so the Swissport allowed the continued employment and hiring of Joseph Abraham to abused by means of rage attitude mad yelling and assaulting the plaintiff in the process of hate crimes and against the person of color who complained crossing against the abusive Samoan Joseph Abraham attitude toward other color and race.

**RCW 49.60.180. Unfair practices of employers.**
It is an unfair practice for any employer:
(1) To refuse to hire any person because of age, sex, marital status, sexual orientation, race, creed, color, national origin, citizenship or immigration status

8. Swissport USA Inc. employees are combined of black American's and Asian American's and Samoan American's and one white American supervisor the Swissport USA Inc has few white American human resources and other nationality employees inside the human resource and the human resource practice race and job discrimination because the Swissport USA Inc Human Resources does not listen to the complaint of the black American employees or listen to the complaint of Asian American complaining against Joseph Abraham who has more is more older person and has a seniority to the job secured by the Swissport USA Inc as an at will employer.

**RCW 49.60.030. Freedom from discrimination—Declaration of civil rights.**
(1) The right to be free from discrimination because of race, creed, color, national

origin, citizenship or immigration status, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

(a) The right to obtain and hold employment without discrimination;

**9.** Plaintiff, Mr. Conde Cheesman, was hired by the Swissport USA and was assaulted by Joseph Abraham while working April 5, 2019 and the Swissport USA, INC., terminated and deprive the plaintiff employment without any notice after the plaintiff refused to signature a work released termination forms after the assault last April 5, 2019.

**10.** During working hours inside the facility of baggage sorting location in SeaTac International Airport, while in a baggage sorting machine and no supervisor on site just a video camera around in the premises, Joseph Abraham was sorting bags from a distance away from the Plaintiff when suddenly grab a customer luggage and the defendant became angrily and start accusing Mr. Cheesman of spitting on the luggage and confronted so closed to the face of Mr. Cheesman and said " did you spit on the bag!?", plaintiff said "no. what are you talking about, are you serious?". And plaintiff started to walk away from the defendant/Joseph Abraham, defendant Abraham, said "do not turn your back on me!" (yelling) then the defendant Abraham pull the plaintiff shirt while keep on accusing and saying "you spit on the bag" and plaintiff keep saying " I did not

spit on the bag" while walking away, defendant joseph got more angry and grab his personal tug and followed the plaintiff while walking away and get down from the tug and become more aggressive, went up to the plaintiff and grab the plaintiff on the waist and slam the plaintiff on the floor and bang slamming the plaintiff/Mr. Cheesman back body and side of the body in a carb metal rails while grabbing plaintiff/Mr. Cheesman from the neck and wrestling with intent to kill choking hold the neck of Mr. Cheesman and continues none stop to strangle and wiggle shaking the plaintiff violently intended to aim to kill while all camera and video are present around with few other people watching the defendant ballistic raging action of attempting to kill the plaintiff, the plaintiff waving for help and continued tapping the defendant arms to stop because the plaintiff could not breathe and hurting the neck and back while the defendant continued punch the plaintiff in the stomach repeatedly to hold so tightly violently not letting go the plaintiff until the supervisor came while five or six people watching the assault happened to the plaintiff and Nathan Borja stop and break away the assault, and the plaintiff able to call 911 but not able to speak and hang up, and the supervisor said to the plaintiff to sign out and go home while five people holding the defendant Abraham and while plaintiff walking away the defendant Joseph Abraham push all the five people and ride back to the tug

speeding fast and intentionally continued to pursued the plaintiff to run over the plaintiff with a tug and deliberately intent to kill the plaintiff.

**11.** Plaintiff/ Mr. Cheesman did not spit on the luggage or bag because the bag's luggage belt machine was in a different direction toward opposite of the plaintiffs' position in a diagram of the circulations of the luggage or bags from the machine belt location.

**12.** Plaintiff was in six months employment and has a good standing employment records while working to Swissport USA to deserved to be assaulted and fired without notice of employment termination from mail or in person or any compensation from the injury sustained while working for Swissport USA. Plaintiff could not afford a medical fee because of high shelter rent cost and high gas cost for a medical attention after the assault because of the job termination and silence of communications from the Swissport USA after a phone call of termination from Kimberly last April of 2019 after the complain of an assault against a senior Swissport USA, INC. worker Joseph Abraham.

After the assault, Plaintiff drove with a friend to went straight to the Swissport base office and make a complaint and file a report of an assault happened while working and the plaintiff neck and back hurting, after the complaint while plaintiff was in the base office and told the management that the plaintiff would like to file charges against the defendant, joseph Abraham, of assault but the

plaintiff was told to wait for Kimberly instead before to write and file a complaint against an employee. Plaintiff/Mr. Cheesman waited in the office until Kimberly arrived, the plaintiff repeated again to Kimberly that the plaintiff would like to file charges against the defendant, joseph Abraham, and filed a written report while speaking to Kimberly (hiring supervisor) after the assault and plaintiff was instructed by the supervisor to sign out and go home. Kimberly said, "police could not do anything to solve the problem" and then the plaintiff went home after speaking to Kimberly of the injury.

Kimberly called the plaintiff after a week or so and informed the plaintiff to come into the office and signature a termination form and surrender the Swissport USA uniform after all the plaintiff complaint of an assault in a workplace by a coworker.

**13.** Plaintiff /Mr. Cheesman is asking for the release of all information containing the records and information of the Hiring or job termination of defendant Joseph Abraham and the plaintiff Mr. Porfirio Conde Cheesman employment history records, other employees complaint on records against Joseph Abraham and the Swissport USA, INC Job Policy Procedures and Manual's, description of the Swissport USA, INC. Hiring and terminations procedures and Job Policies.

14. Defendants violate the unfair practice of employment, retaliated and violated the plaintiff when the plaintiff was assaulted by a senior coworker and the defendant Swissport USA, INC. terminated the plaintiff Job without informing from mail or in person upon making a report of workplace assault to the police and to the human resources.

15. The **Fourteenth Amendment rights** of the plaintiff for the equal protection of law are violated by the Swissport USA when the assault was constantly reported to the supervisor, other employee's, and Kimberly. The Swissport fired the plaintiff instead and was called from a cell phone by Swissport USA, INC. employer to signature a job termination form after a week of investigation of an assault reported happened while working and the employer continued to denied equal protection of the law and to call to the proper authority to report to the police of an assault of an employee plaintiff/Mr. Cheesman inside the sea tac airport facility that a normal person and incorporated company would not wait for the murder of an employees from a dangerous person while working without being reported to local police authority and continued to asked the plaintiff to surrender the Swissport uniform for terminations after the attack and report of the assault without the physical removal of the assailant Joseph Abraham from the workplace. The plaintiff until now are sustaining the physical injury from workplace violence because of coworkers being so mad and making false


allegations and start to tried to kill the plaintiff by strangulations performing deadly choke hold to the neck of the plaintiff while being punch in the stomach and being wiggled violently by the defendant that hurt the neck and back of the plaintiff until present time August of year 2020 and the Swissport conspired to the wrong doing of the defendant Joseph Abraham for terminating the employment of the plaintiff after the assault and continued retaining the defendant Joseph Abraham employment despite of the deadly intentional assault strangulation to the plaintiff while working and intentionally chase and premeditated tried to run over the plaintiff/Mr. Cheesman with a tug machinery that could kill a person.

16. The defendants are at will employer and while so, conspired with Joseph Abraham who has a job seniority working in Swissport USA Inc. who assaulted the plaintiff while working to be permanent in the job after six months and because Joseph Abraham who assaulted the plaintiff is a different nationality (Samoan) and has been in the Swissport job with a seniority job title, the Swissport human resources favored Joseph Abraham of assaulting and attempting to kill the plaintiff Mr. Cheesman with a tug vehicle, and upon Swissport knowing the plaintiff called the police, the Swissport told the plaintiff to go home and relieved the plaintiff from his job and fired the plaintiff to retaliate to the assault complaint of the plaintiff to Kimberly and to the Swissport

supervisor. The Swissport conspired with Joseph Abraham who assaulted the plaintiff by means of favoring and concealing the assault in the workplace by firing the plaintiff, because Joseph Abraham is a favored different nationality who also has a job seniority title of the job. Joseph Abraham who assaulted the plaintiff retained the Swissport job until now and fired the plaintiff instead that was assaulted by the Swissport senior worker Joseph Abraham.

RCW 49.60.180 Unfair practices of employers. Nationality and colors has also a factor in this civil complaint because the Nationality of Joseph Abraham and colors are different compared to another worker of Swissport USA. Inc. in the same job location, as well-known by the employer Swissport human resources from job applications that there is no White American applicant working where all black American and Asian, Asian American and Samoan working together inside the Sea Tac Airport Swissport baggage location and Samoan has more standing favor likely will be more tolerated than other colors or nationality working inside the Swissport location, because Mr. Joseph Abraham has a job seniority to protected his own colors and nationality Samoan and he communicate to them as one individuals with respect to their own colors and nationality while Swissport knew Joseph Abraham has been complaint by black American workers and has a anger problem fighting with Asian or Asian American and complaining against Joseph Abraham abusive attitudes toward

Black American and Asian American rather the abusive attitudes and seniority of Joseph Abraham are tolerated even after assaulting the plaintiff who is a American Filipino and because Joseph Abraham is more age or older person than the plaintiff and has a job seniority in Swissport USA. Inc, and despite of other person in color black American complaining including the plaintiff complaint to the Swissport supervisor and human resources of an assault, all complaint of abuse attitude by strangling and attempting to kill a person while working and other reported complain from black and other nationality against Joseph Abraham are disregarded by the Swissport managements and are not being monitored for accuracy of the employees complaint against the same person Joseph Abraham.

17. Swissport USA Inc without launching an investigation to the complaint of plaintiff and other colors or nationality like black American and Asian for equal privileges of all employees without a race or age discriminations because Joseph Abraham has more title job seniority privilege and are older person are continually conspiring to joseph to retained his job and consenting to the assault of the employees, verbally, physically and emotionally damaging the plaintiff being fired after the report of an assault and attempted murder by the action of Joseph Abraham.

**18.** Swissport USA Inc, conspire with Joseph Abraham to injure, oppress, threaten and intimidate the plaintiff while working, Swissport USA Inc, knew Joseph Abraham has a rage anger problem being reported since by other color and other nationality working closely with Joseph Abraham inside the baggage location area of the Swissport job location in Sea Tac international Airport, Swissport USA Inc continued to tolerated a hostile work environment without disciplinary action against Joseph Abraham rage assaulting the plaintiff and using heavy vehicle to attempted murder/kill the plaintiff and ignoring other colors and other nationality who complaint against Joseph Abraham being angry and hostility toward other color and other nationality assaulting the plaintiff then attempted to kill the plaintiff by using a heavy machinery vehicle, Swissport USA Inc fired and job, race discriminate the plaintiff after the assault and attempted murder reporting against the rage of Joseph Abraham to kill the plaintiff while working.

**19.** The plaintiff nationality is American Pilipino born in the USA and has a civil right as an American Filipino employee to work and be hired by the Swissport USA Inc. without being assaulted and targeted for attempted murder while working as one of the employees of Swissport USA Inc. The Swissport USA Inc. has a duty of care and responsibility to their employees' to provide a

safe work environment to their employees and because of the plaintiff complaint of an assault and attempted murder using a heavy Tug machinery and then after the complaint terminated and fired the plaintiff instead.

20. RCW 9A.28.040 Criminal conspiracy.

21. RCW 9A.08.030 Entity and personal liability.

22. RCW 49.12.050 Employer's record of employees.

23. Fourth Amendment Rights.

24. Since the assault, attempted murder, race and employment discriminations, and the violations of civil rights of the plaintiff has suffered economic and none economic damages RCW 4.56.250.

25. The Swissport USA Inc. are negligent in hiring, retaining and supervising Joseph Abraham rage attitude toward other colored and other nationality employee while few or more have complained against Joseph Abraham.

26. Swissport USA Inc. are Negligent in Hiring Joseph Abraham and the Swissport must provide the criminal records of Mr. Joseph Abraham to be compared to the criminal records under the name of Joseph Abraham lingering on an online internet police records of the criminal activity of Joseph Abraham since the 90's and until present time that the Swissport USA Inc. knew of

existence prior of hiring Joseph Abraham or did not investigate any criminal records of individual prior of hiring Joseph Abraham.

**27.** Negligent Retention, Swissport USA Inc. should have documented records from different employees including the plaintiff verbal complaint or written complaint against Joseph Abraham rather continued to ignore facts of the rage criminal activity inside the job facility being complained by colored and other nationality.

**28.** Negligent Supervision, the supervisor and human resources knew the assault are in progress while all live camera are around and few other employees are watching the assault and attempted killing activity of Joseph Abraham, but the Swissport USA Inc. supervisor did not immediately remove Joseph Abraham from the work site and the human resources told the plaintiff to go home instead after knowing the plaintiff has just called the police.

**29.** The Swissport USA. Inc failed to summon assistance when the plaintiff reported of neck pain, back pain and being dizzy after the attempted murder by a Joseph Abraham rather the Swissport USA Inc human resources told the plaintiff police could not do anything to investigate and send the plaintiff to go home and fired the plaintiff after a week of lay off.

Plaintiff reserved the rights to continue to amend civil complaint and added more civil complaint charges against the Defendant's Swissport USA, INC. et. Al.

## DAMAGES

WHEREFORE, Plaintiff pray for compensatory damages, punitive damages, economic and noneconomic damages and the imprisonment of Joseph Abraham and Swissport USA Inc. Kimberly, Supervisor's and Human Resources employees for the attempted Murder and physical injury sustained from the physical assault at work place and from job termination, together with attorney's fees and court costs in bringing this action and the Defendant Swissport USA, INC. reinstating the plaintiff employment and the relocation of the plaintiff.

### Jury demand

Plaintiff demands a jury trial.

Dated this 26th day of August 2020

*[signature]*
Porfirio Conde Cheesman/Pro Se
1708 N INDIANA DRIVE
ELLENSBURG, WA 98926

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Civil Complaint on the following named person on the date indicated below in the manner indicated

Mailing with postage prepaid

King County Superior Court
Attn: Clerks Office
516 Third Avenue Room E609
Seattle, WA 98104-2386

Swissport USA, INC.
18000 International Boulevard
Sea Tac, WA. 98188

Dated this 26th day of August 2020

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

*[signature]*
Porfirio Conde Cheesman/Pro Se
1708 N INDIANA DRIVE
ELLENSBURG, WA 98926